UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs

CATHERINE CROTTS

Case Number. 8:16-cr-157-T-36AEP-1
USM Number: 67043-018

Adam Nate, FPD

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Count One of the Indictment. Accordingly, the court has adjudicated that Defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) | Distribution of Five Grams or More of Methamphetamine | July 27, 2015 | One |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Sentence:

September 20, 2016

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

September 20, 2016

Catherine Crotts
8:16-cr-157-T-36-AEP(1)

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED AND TWENTY (120) MONTHS [10 Years]**.

The Court makes the following recommendations to the Bureau of Prisons:
- Defendant be incarcerated at the closest correctional facility with the appropriate security level to **FCI, Coleman**, as her first choice; or **FCI, Jessup**, as her second choice.
- Defendant be evaluated for placement in the **500 Hour Intensive Drug Treatment** program.

Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant shall be on supervised release for a term of **FIVE YEARS [5 Years]**.

Defendant shall report to the probation office in the district to which Defendant is released within 72 hours of release from custody of the Bureau of Prisons.

Defendant shall not commit another federal, state or local crime.

Defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders Defendant to submit to random drug testing not to exceed 104 tests per year.

Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that Defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. Defendant shall not leave the judicial district without the permission of the court or probation officer;

2. Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. Defendant shall support his or her dependents and meet other family responsibilities;

5. Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. Defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

11. Defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, Defendant shall notify third parties of risks that may be occasioned by Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm Defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall participate in a *substance abuse program* (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, Defendant is directed to submit to random drug testing.

2. Defendant shall participate in a *mental health treatment program* (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this Court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. Defendant shall *submit to a search* of her person, residence, place of business, any storage units under her control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

4. Defendant, having been convicted of a qualifying felony, shall cooperate in the collection of *DNA* as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | WAIVED | NOT APPLICABLE |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

**Catherine Crotts**
**8:16-cr-157-T-36-AEP(1)**

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**AO 245B (Rev. 4/09) Judgment in a Criminal Case**